NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| COREY GRANT, | Hon. Harold A. Ackerman |
| Plaintiff, | Civil Action No. 06-5952 (HAA) |
| v. | **OPINION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**ACKERMAN, Senior District Judge:**

This matter comes before the court on Petitioner Corey Grant's motion for reconsideration (Doc. No. 7) of this Court's May 15, 2007 decision. That decision denied Grant's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct the sentence imposed by this court in *United States v. Grant*, Criminal No. 90-328. Petitioner asserts that as a juvenile he was unlawfully tried for conspiracy; the court lacked jurisdiction to transfer his RICO offenses under 18 U.S.C. § 5032; and the charge on 18 U.S.C. § 924(c) violated Supreme Court precedent. For the following reasons, Petitioner's motion is DENIED.

*Background*

On August 23, 1990, Judge Politan granted the United States's application to prosecute Grant as an adult under the Federal Juvenile Delinquency Act, 18 U.S.C. § 5032. On January 25,

1

1991, a superseding Indictment naming Grant, along with eight other individuals, was filed in the District of New Jersey.  Specifically, Grant was charged under RICO with eight predicate racketeering acts.  In addition to the RICO charges, Grant was charged with conspiring to possess cocaine with intent to distribute; possession of cocaine with intent to distribute; and possession of a weapon in relation to a crime of violence.

Grant pled not guilty, and proceeded to a jury trial before this Court on February 12, 1992.  On May 13, 1992, the jury returned a partial verdict, convicting Grant of the murder of Mario Lee; the attempted murder of Dion Lee; conspiracy to distribute and possess cocaine with intent to distribute; and possession of cocaine with intent to distribute.  On November 10, 1992, this Court sentenced Grant.  Grant timely filed a notice of appeal.  His conviction and sentence were affirmed by the Third Circuit on August 23, 1993.  He never appealed to the Supreme Court of the United States.

More than twelve years later, after exhausting his appeals, on February 8, 2006, Grant filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Middle District of Pennsylvania.  The District Court in the Middle District of Pennsylvania dismissed Grant's petition for lack of jurisdiction because Grant had failed to file with this Court a petition for a writ of habeas corpus under 28 U.S.C. § 2255.  Grant appealed the District Court's decision, but that too was affirmed by the Third Circuit.

On December 11, 2006, Grant filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2255.  On March 5, 2007, the Government filed a motion to dismiss Grant's petition for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  On May 15, 2007, this Court denied Grant's petition and granted the Government's motion to

dismiss.

On June 1, 2007, Grant filed a motion styled as one to "alter or amend judgment," which this Court interprets as a motion for reconsideration. The crux of Grant's motion for reconsideration is that this Court "overlook[ed]" his actual innocence claim. Grant contends, *inter alia*, that this Court failed to properly instruct the jury regarding the elements of his § 924(c)(1) charge involving possession of a firearm during the commission of a crime of violence. Grant bases his argument on the fact that the Supreme Court, subsequent to his conviction, ruled that § 924(c)(1) requires that the defendant actually "use" the firearm, rather than merely possess it.

*Analysis*

A motion by a federal prisoner for post-conviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). The Supreme Court has held that "final" means "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987); *see also Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("we hold that a 'judgment of conviction becomes final' within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires.").

3

On November 10, 1992, this Court sentenced Grant to life imprisonment for his jury conviction on the two RICO counts; a concurrent 40 years imprisonment for the drug offense convictions; and a consecutive sentence of 5 years for the weapons conviction. Grant filed a timely notice of appeal, but the Third Circuit affirmed his conviction and sentence on August 23, 1993. Grant had ninety days to file a petition for writ of certiorari in the Supreme Court of the United States, but chose not to do so. As such, his judgment of conviction became final on November 21, 1993. *See Kapral*, 166 F.3d at 577. On December 11, 2006, Grant filed a § 2255 motion, which was clearly beyond the one-year limitation.[1]

Section 2255 also prescribes a one-year limitation to collateral attacks predicated upon a right that has been newly recognized by the Supreme Court *and* made retroactively available to cases on collateral review. 28 U.S.C. § 2255(3). In the instant motion for reconsideration, Grant contends that he is "'actually innocent' in that he has been 'convicted of conduct not criminal,' and that therefore the 'actual innocence gateway' carved out by the Supreme Court in *Schlup v. Delo*, 513 U.S. 298 (1995), allows his time-barred claim to go forward." (Grant Mot. for Reconsideration.)

In *Schlup*, the Supreme Court held that "[t]he . . . habeas petitioner [must] show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. The petitioner thus is required to make a stronger showing than that needed to establish prejudice." *Glass v.*

---

[1] Notably, Grant filed a § 2241 petition in the Middle District of Pennsylvania in February 2006. In that petition, Grant declared that § 2255 was "inadequate and ineffective . . . because he is time-barred from availing himself of such remedy."

*Vaughn*, 65 F.3d 13, 16 (3d Cir. 1995) (quoting *Schlup*, 513 U.S. at 327) (internal quotation marks omitted). "New reliable evidence is almost always required to establish actual innocence . . . [but i]n *Bousley v. United States*, 523 U.S. 614 (1998), for example, the Supreme Court held that a habeas petitioner may demonstrate 'actual innocence' by pointing to post-conviction decisions 'holding that a substantive criminal statute does not reach [his] conduct.'" *United States v. Davies*, 394 F.3d 182, 191 (3d Cir. 2005) (quoting *Bousley*, 523 U.S. at 620).

In *United States v. Lloyd*, 188 F.3d 184 (3d Cir. 1999), our court of appeals addressed a situation similar to Grant's argument of actual innocence. In that case, the defendant pled guilty to an 18 U.S.C. § 924(c)(1) charge in 1992 and was thereafter sentenced. But in December 1995, the Supreme Court issued its opinion in *Bailey v. United States*, 516 U.S. 137 (1995), holding that § 924(c)(1)'s "use" prong requires the government to prove "active employment of the firearm." *Lloyd*, 188 F.3d at 186. After the *Bailey* decision, it was unclear whether it applied on collateral review, but during 1996 and 1997, several courts of appeals recognized *Bailey*'s collateral review applicability. In January 1998, the defendant in *Lloyd* filed a § 2255 petition challenging his sentence in light of *Bailey*. The Supreme Court, in May 1998, issued its *Bousley* decision, which recognized the right to raise a *Bailey* claim on collateral review. The Third Circuit held that the defendant in *Lloyd* had filed his § 2255 petition "not later than one year after the Supreme Court's May 1998 *Bousley* decision" and thus the petition was timely under AEDPA. *Lloyd*, 188 F.3d at 188.

*Lloyd* makes it patently clear that Grant's § 2255 petition is untimely and need not be considered, even though he raises an actual innocence claim. Indeed, the Third Circuit expressly stated at the beginning of its opinion that "we must *first* determine whether a petition filed

pursuant to 28 U.S.C. § 2255 . . ., challenging Appellant Lloyd's sentence under 18 U.S.C. § 924(c)(1) as invalid in light of the Supreme Court's decision in *Bailey* . . . was within the AEDPA's statute of limitations." *Lloyd*, 188 F.3d at 185 (emphasis added).

Similarly, this Court first must address the statute of limitations issue under AEDPA. Grant, like the defendant in *Lloyd*, was convicted and sentenced before the Supreme Court's decision in *Bailey*. Grant had even exhausted his direct appeal more than two years before *Bailey*. Thus, when the Supreme Court issued *Bailey*, Grant could have filed a habeas petition within one year, but he did no such thing. Grant did not even file a petition within one year after *Bousley*, which expressly recognized the right of someone to collaterally attack his conviction and sentence under *Bailey*. Unlike the defendant in *Lloyd*, Grant did not file his petition within the one year limitation, even under the most liberal interpretation of such starting of the clock.

It is worth noting that subsequent to the Third Circuit's decision in *Lloyd*, the Supreme Court held that the operative date for applying the one year statute of limitation for § 2255 petitions is the date on which the Supreme Court *recognized* the new right, not the date on which the right has been held retroactively applicable in cases on collateral review. *Dodd v. United States*, 545 U.S. 353, 360 (2005).[2] In other words, under *Dodd*, this Court must calculate the timeliness of Grant's petition from *Bailey*, not *Bousley*, but that analysis ultimately is irrelevant because Grant's petition was filed many years too late under either framework.

Ultimately, Grant's petition must be dismissed, and his motion for reconsideration

---

[2] Notably, the Supreme Court's *Dodd* decision affirmed the Eleventh Circuit's decision, which declined to follow the Third Circuit's decision on this point in *Lloyd*. *See Dodd v. United States*, 365 F.3d 1273, 1277 (11th Cir. 2004) (noting *Lloyd*, among others, but then concluding that "we join those circuits which have concluded that the limitations period in § 2255(3) is triggered on the date the Supreme Court initially recognizes a new right.").

denied, because he fails to cite *any* right newly recognized by the Supreme Court within one year of December 11, 2006, the date upon which he filed the instant petition. *See* 28 U.S.C. § 2255(3). Furthermore, Grant does not suggest that any governmental action prevented him from making a § 2255 motion in the intervening years since his conviction. *See* 28 U.S.C. § 2255(2). In addition, Grant does not suggest that new facts have been discovered. *See* 28 U.S.C. § 2255(4). As a result, Grant's § 2255 motion is untimely and therefore should be dismissed.

Even assuming that Grant's petition somehow is timely based upon the actual innocence gateway carved out in *Schlup*, Grant does not allege any facts to support his assertion that he is actually innocent. Instead, he simply states that "[t]he trial court failed to instruct the jury that it must find that the petitioner actively employed the firearm during and in relation to a crime of violence." (Grant Br. at 5E.) The burden is on Grant to demonstrate that he did not actually employ the firearm, but instead merely possessed it. Grant asserts that "[e]very court which has had an opportunity . . . has ruled that the 'actual innocence gateway' carved out in *Schlup* allows the time-barred claim to go forward." (Grant Mot. for Reconsideration.) But Grant fails to meet the high threshold requirement in *Schlup* of demonstrating that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Glass*, 65 F.3d at 16 (quoting *Schlup*, 513 U.S. at 327); *see also Chambers v. United States*, No. 04-13147, 2006 WL 3708084, at *4 (D. Del. Dec. 14, 2006) (Jordan, J.) (addressing actual innocence claim in § 2255 petition, noting that it is unclear whether AEDPA's limitations period can be equitably tolled under *Schlup*, but ultimately concluding that even if tolling were permitted, the defendant had not met the requisite showing "that no reasonable juror would have convicted him."). Accordingly, Grant's motion for reconsideration will be denied.

## *Conclusion and Order*

For the foregoing reasons, Grant's motion for reconsideration (Doc. No. 7) of his petition for habeas relief under 28 U.S.C. § 2255 is hereby DENIED. The Clerk shall mark this case CLOSED.


Newark, New Jersey
Dated: February 8, 2008                                     /s/ Harold A. Ackerman
                                                            U.S.D.J.